IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA | § | |
| and THE STATE OF TEXAS, ex rel. | § | |
| | § | |
| AMY COOK-RESKA, | § | |
| | § | |
| Relator | § | |
| | § | |
| v. | § | |
| | § | |
| COMMUNITY HEALTH SYSTEMS, INC.; | § | CIVIL ACTION NO. H-09-1565 |
| LAREDO TEXAS HOSPITAL COMPANY, | § | |
| L.P. d/b/a LAREDO MEDICAL | § | |
| CENTER; WEBB HOSPITAL CORP.; | § | |
| CHS/COMMUNITY HEALTH SYSTEMS, | § | |
| INC.; and COMMUNITY HEALTH | § | |
| SYSTEMS PROFESSIONAL SERVICES | § | |
| CORPORATION, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

The following motions are pending: (1) Relator's Motion for
Award of Attorneys' Fees, Costs, and Expenses Against Defendants
Pursuant to 31 U.S.C. § 3730(d)(1) (Docket Entry No. 73),
(2) Defendants' Motion to Sever and Transfer Relator's Claim for
Attorneys' Fees and Costs Related to Allegations of Improper
Emergency Department Admissions (Docket Entry No. 76),
(3) Defendants' Opposed Motion for Leave to File Reply (Docket
Entry No. 97). The pending motion to sever and transfer was filed
by defendants Community Health Systems Professional Services
Corporation ("CHSPSC"), Laredo Texas Hospital Company, L.P. d/b/a
Laredo Medical Center ("LMC"), and Webb Hospital Corporation

("WHC"). Defendants Community Health Systems, Inc. ("CHSI"), and CHS/Community Health Systems, Inc. ("CHS/CHSI") have joined in the pending motion to sever and transfer.[1] For the reasons stated below, Relator's motion for attorneys' fees will be denied without prejudice, defendants' motion to sever and transfer will be granted, and defendants' motion for leave to file reply will be granted. Also, Relator will be ordered to file an amended motion for attorneys' fees related solely to claims based on allegations that LMC billed government programs for medically unnecessary inpatient procedures and engaged in improper financial relationships;[2] and Relator's claim for attorneys' fees arising from allegations that CHSI-affiliated hospitals billed government programs for medically unnecessary Emergency Department admissions ("national ED claim") will be severed and transferred to the Middle District of Tennessee, Nashville Division.

## I.  **Factual Background**

This is one of seven actions initially filed between 2009 and 2011 in five different states by various relators against hospitals affiliated with CHSI under the False Claims Act ("FCA"), 31 U.S.C.

---

[1]See Defendants Community Health Systems, Inc.'s and CHS/Community Health Systems, Inc.'s Joinder of Defendants' Motion to Sever and Transfer Relator's Claim for Attorneys' Fees and Costs Related to Allegations of Improper Emergency Department Admissions, Docket Entry No. 78.

[2]See Settlement Agreement, Exhibit A to the United States' Notice of Settlement, Docket Entry No. 64.

-2-

§ 3729, et seq., and similar state statutes.[3]  The Relator in this action asserted claims under both the FCA and the Texas Medicaid Fraud Prevention Act ("TMFPA"), Texas Human Resources Code § 36.001, et seq., against CHSI, LMC, WHC, CHS/CHSI, and CHSPSC based on allegations that LMC billed government programs for

---

[3]See Defendants' Motion to Sever and Transfer Relator's Claim for Attorneys' Fees and Costs Related to Allegations of Improper Emergency Department Admissions ("Defendants' Motion to Sever and Transfer"), Docket Entry No. 76, p. 6 (listing the seven actions as follows:

- *United States ex rel. Reuille v. Cmty. Health Sys. Prof'l Servs., Corp., et al.*, No. 1:09-cv-00007 (N.D. Ind. Jan. 7, 2009) ("Reuille");

- *United States et al. ex rel. Cook-Reska v. Cmty. Health Sys., Inc., et al.*, No. 4:09-cv-01565 (S.D. Tex. May 22, 2009), complaint amended on Dec. 21, 2010 ("Cook-Reska");

- *United States ex. rel. Plantz v. Health Mgmt. Assocs., Inc., et al.*, No. 1:10-cv-00959 (N.D. Ill. Feb. 11, 2010) ("Plantz");

- *United States ex rel. Bryant v. Cmty. Health Sys., Inc., et al.*, 4:10-cv-02695 (S.D. Tex. July 29, 2010) ("Bryant");

- *United States et al. ex. rel. Carnithan v. Cmty. Health Sys., Inc., et al.*, No. 11-CV-312-WDS/DGW (S.D. Ill. Apr. 14, 2011)("Carnithan");

- *United States et al. ex rel. Mason v. Cmty. Health Sys., Inc.*, No. 3:12-cv-00817 (W.D.N.C. Apr. 18, 2011), complaint amended on Apr. 12, 2012 & Jan. 9, 2013 ("Mason"); and

- *United States ex rel. Serv. Employees Int'l Union, et al. v. Cmty. Health Sys., Inc., et al.*, No. 3:11-cv-00442 (M.D. Tenn. May 10, 2011) ("Doghramji")).

medically unnecessary inpatient procedures and engaged in improper
financial relationships.[4]

On August 4, 2014, the Government filed the United States'
Notice of Settlement (Docket Entry No. 64) stating that a
Settlement Agreement between the parties had been fully executed.
Exhibit A attached thereto establishes that CHSI and its affiliates
entered into a global Settlement Agreement with the United States
and the Relators in the seven related actions that resolved the FCA
claims asserted in all seven actions based on allegations (1) that
CHSI-affiliated hospitals had improperly admitted patients who
presented themselves to the hospitals' emergency departments, i.e.,
the national ED claim; and (2) that LMC had engaged in improper
billing and referral practices.[5] CHSI and its affiliates agreed to
settle the national ED claim for $88,257,500 and the LMC improper
billing and referral claims for $9,000,000.[6] The Settlement
Agreement does not provide for any monetary award to the Relators.
Instead, the Settlement Agreement states that "Relators and their
counsel claim entitlement under 31 U.S.C. § 3730(d) to a share of
the proceeds of this Settlement Agreement and to Relators'

---

[4]See Settlement Agreement, Exhibit A to the United States'
Notice of Settlement, Docket Entry No. 64, p. 5, Recitals, ¶ D.2.
See also False Claims Act Complaint, Docket Entry No. 2; First
Amended False Claims Act Complaint, Docket Entry No. 24; Second
Amended False Claims Act Complaint, Docket Entry No. 38.

[5]United States' Notice of Settlement, Docket Entry No. 64.

[6]Settlement Agreement, Exhibit A to United States' Notice of
Settlement, Docket Entry No. 64, pp. 4-5, Recitals, ¶¶ D.1-D.2.

-4-

reasonable expenses, attorneys' fees and costs."[7]  The Settlement
Agreement expressly reserves the issue of which Relator (if any) is
entitled to share in the Government's recovery.[8]  The Settlement
Agreement also reserves the issue of which Relator (if any) is
entitled to recover attorneys' fees under 31 U.S.C. § 3730(d).[9]
Finally, the Settlement Agreement provides that

> [t]he exclusive jurisdiction and venue for any dispute
> relating to this Agreement is the United States District
> Court for the Middle District of Tennessee, Nashville
> Division, except that this choice-of-forum clause shall
> not govern any disputes between CHS and any particular
> relator arising from that relator's request for
> attorneys' fees pursuant to 31 U.S.C. § 3730(d) or any
> claims Relators have under 31 U.S.C. § 3730(h).[10]

Subsequent to the United States' Notice of Settlement, Relator
in this action, Amy Cook-Reska ("Cook-Reska"), entered into a
Settlement Agreement with the United States pursuant to which:

> 1.   The United States agrees that Relator shall be
> awarded $2,141,184.04 plus interest on that amount at a
> rate of 2.25% form May 11, 2014, representing a share of
> that portion of the $97,257,500 settlement amount agreed
> upon by CHS and the United States attributable to
> Relator's Complaint, including the allegations of
> improper inpatient procedures, Stark law violations, and
> improper admissions through the Emergency Department at
> Laredo Medical Center.  The United States will make this
> payment within a reasonable time after the United States'
> receipt of the $97,257,500 from CHS.  The obligation to
> make this payment to the Relator is expressly conditioned
> on the receipt by the United States of the payment by CHS

[7]Id. at 5, Recitals, ¶ G.

[8]Id. at 15, Terms and Conditions, § 15(c)(3).

[9]Id. ¶ 15(c)(1).

[10]Id. at 15-16, Terms and Conditions, ¶ 18.

under the CHS Settlement Agreement. Should CHS fail to make any payment required by that Agreement, the United States shall have no obligation to make a payment to the Relator.

2.   Relator agrees that this settlement is fair, adequate, and reasonable under all circumstances, and will not challenge the Settlement Agreement pursuant to 31 U.S.C. § 3730(c)(2)(B), and expressly waives the opportunity for a hearing on any such objection, pursuant to 31 U.S.C. § 3730(c)(2)(B).

3.   Conditioned upon Relator's receipt of the payment described in Paragraph 1, Relator . . . fully and finally release[s] . . . the United States . . . from any claims arising from the filing of the Civil Action or under 31 U.S.C. § 3730, and from any claims to a share of the proceeds of this Agreement and/or the Civil Action.

4.   Specifically excluded and reserved from those claims released under Paragraph 3 above is any dispute, claim, or defense which may arise between the Relator and CHS regarding attorneys' fees or claims of the Relator under 31 U.S.C. § 3730(d)(1).[11]

## II.  **Motion to Sever and Transfer**

Defendants do not dispute that Relator is entitled to attorneys' fees for work performed on claims arising from allegations that LMC engaged in improper billing and referral practices for which the United States is to receive $9,000,000 in damages pursuant to the Settlement Agreement.[12]  However, asserting that "the vast majority of Cook-Reska's $3.5 million fee petition seeks reimbursement for work performed on the national ED claim,

---

[11]Settlement Agreement, Exhibit C to Defendants' Memorandum in Opposition to Relator's Motion for Attorneys' Fees, Costs, and Expenses, Docket Entry No. 83-4, pp. 2-3.

[12]Settlement Agreement, Exhibit A to the United States' Notice of Settlement, Docket Entry No. 64, pp. 4-5, Recitals, ¶¶ D.1-D.2.

and [that] relators in *six other qui tam actions* in jurisdictions around the country also are seeking attorneys' fees based on that same claim,"[13] defendants move the court to sever and transfer to the Middle District of Tennessee, Nashville Division, that "portion of Relator Amy Cook-Reska's attorneys' fee petition that relates to work performed in connection with claims that . . . [CHSI]-affiliated hospitals engaged in allegedly improper Emergency Department . . . admissions in violation of the . . . [FCA].[14]

## A.    Standard of Review

Defendants' motion to sever and transfer Relator's claim for attorneys' fees and costs related to allegations of improper emergency department admissions is made pursuant to 28 U.S.C. ¶ 1404(a). Section 1404(a) provides: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division

_____

[13]Defendants' Motion to Sever and Transfer, Docket Entry No. 76, pp. 1-2.

[14]Id. at 1. Although Relator contends that defendants' motion to sever and transfer relates only to "the portion of Relator's attorneys' fees that Defendants contend are related only to the 'national' ED claims, that is, the ED claims for CHS hospitals other than LMC," see Relator's Response to Defendants' Motion to Sever and Transfer Relator's Claim for Attorneys' Fees and Costs Related to Allegations of Improper Emergency Department Admissions ("Relator's Response"), Docket Entry No. 94, p. 6, defendants have not so characterized their motion; and both the arguments made in the defendants' motion and the proposed order attached thereto show that defendants are seeking severance and transfer of Relator's claims for attorneys' fees and costs related to ED claims for all CHS-related hospitals, including LMC.

-7-

where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). "A motion to transfer venue is addressed to the discretion of the trial court and will not be reversed on appeal absent an abuse of discretion." Peteet v. Dow Chemical Co., 868 F.2d 1428, 1436 (5th Cir. 1989). Motions to sever are also entrusted to the court's discretion. See Brunet v. United Gas Pipeline Co., 15 F.3d 500, 505 (5th Cir. 1994) (citing Federal Rule of Civil Procedure 21). The party seeking severance and transfer bears the burden of demonstrating that severance and transfer are warranted. Mohamed v. Mazda Motor Corp., 90 F. Supp. 2d 757, 768 (E.D. Tex. 2000). The threshold question on a motion to transfer is whether the suit could have been brought in the proposed transferee district. In re Volkswagen AG ("Volkswagen I"), 371 F.3d 201, 203 (5th Cir. 2004). If the transferee district is a proper venue, then the court must weigh the relative conveniences of the current district against the transferee district, and must consider the interests of justice.

## B.  Analysis

Section 3730(b)(1) of the FCA allows private-citizen plaintiffs — "relators" — to bring a civil action in the name of the United States Government to expose fraud committed by third parties against the Government. See United States ex rel. Branch Consultants v. Allstate Insurance Co., 560 F.3d 371, 376-77 (5th Cir. 2009). In return for their service, successful relators are

-8-

entitled to a percentage of any damages the government receives. Successful relators are also entitled to receive from the defendant "an amount for reasonable expenses which the court finds to have been necessarily incurred, plus reasonable attorneys' fees and costs." 31 U.S.C. § 3730(d)(1). Because these provisions create incentives that not only encourage insiders to expose fraud, but also encourage parasitic suits by persons searching for a relator's share of damages, the FCA includes provisions that are intended both to encourage whistle-blowing insiders with valuable information to step forward and to discourage opportunistic plaintiffs. One such provision is the FCA's first-to-file rule that bars anyone other than the Government from bringing "a related action based on the facts underlying [a] pending action." 31 U.S.C. § 3730(b)(5). Under this provision once a claim has been filed district courts lack subject matter jurisdiction over subsequently filed claims that allege the same material elements or essential facts of fraud described in a previously filed action. Branch, 560 F.3d at 377. "The focus is on whether an investigation into the first claim would uncover the same fraudulent activity alleged in the second claim." United States v. Planned Parenthood of Houston, 570 F. App'x 386, 389 (5th Cir. 2014) (citing Branch, 560 F.3d at 378).

Defendants argue that

[t]ransfer and consolidation of all seven *qui tam* actions — including the portion of Relator's fee petition seeking reimbursement for work performed in connection with the

-9-

national ED claim — is necessary because there is a single, threshold question common to all of the fee petitions arising from the national ED claim: Which relator is *entitled* to fees? All of the seven *qui tam* relators seek reimbursement of their fees for the national ED claim. Yet it is axiomatic that, under the FCA, multiple relators cannot recover for the same general allegations of fraud. Rather, the FCA's "first-to-file" rule limits recovery to a single relator—the first relator to bring suit—and forbids all subsequent relators from sharing in the government's recovery or being awarded their attorneys' fees.[15]

Defendants argue that

> [b]ecause there are seven relators (including Cook-Reska) seeking attorneys' fees based on the same allegations, Defendants believe that all but one of them will founder on the FCA's first-to-file bar. However, it would be grossly inefficient—and create a risk of inconsistent judgments—for seven tribunals to pass upon that issue at the same time. Rather than seven courts simultaneously reviewing the same seven complaints to determine which relator was "first-to-file" the national ED claim, all of the fee petitions stemming from the national ED investigation (including Relator's) should instead be consolidated before a single court.[16]

Without disputing defendants' assertion that all relators in the seven related cases seek reimbursement for their attorneys' fees arising from their work on the national ED claim, Relator responds that

> [t]here is no need to sever any portion of this case for adjudication elsewhere on the first-to-file issue because

---

[15]Defendants' Motion to Sever and Transfer, Docket Entry No. 76, p. 2 (citing 31 U.S.C. § 3730(b)(5)).

[16]*Id.* at 4 & n.3 (explaining that "Defendants are in the process of filing a similar transfer motion in each of the six actions pending in jurisdictions other than the Middle District of Tennessee. Once all claims are transferred to the Middle District of Tennessee, Defendants will move to consolidate them before a single judge.").

the Government awarded Relator Cook-Reska a relator's share of the settlement in this dispute, establishing that she *is* a first-to-file relator entitled to attorneys' fees under 31 U.S.C. § 3730(d)(1).[17]

1.   Proper Venue

The FCA has its own venue provision, which states that

> [a]ny action under section 3730 may be brought in any judicial district in which the defendant or, in the case of multiple defendants, any one defendant can be found, resides, transacts business, or in which any act proscribed by section 3729 occurred.   A summons as required by the Federal Rules of Civil Procedure shall be issued by the appropriate district court and served at any place within or outside the United States.

31 U.S.C. § 3732(a).  Because the FCA authorizes nationwide service of process, see id., personal jurisdiction is available in any federal court subject only to the nationwide minimum contacts analysis.   See Busch v. Buchman, Buchman & O'Brien Law Firm, 11 F.3d 1255, 1258 (5th Cir. 1994).   Defendants in this action include CHS/CHSI and CHSPSC, both of which undisputedly maintain principal places of business in Franklin, Tennessee.[18]  Franklin, Tennessee is located in Williamson County, a county that is located in the Middle District of Tennessee, Nashville Division.  Relator does not dispute that this case could have been brought in the Middle District of Tennessee, Nashville Division, and that the defendants

---

[17]Relator's Response, Docket Entry No. 94, p. 7.

[18]See False Claims Act Complaint, Docket Entry No. 2, p. 4 ¶ 10; First Amended False Claims Act Complaint, Docket Entry No. 24, pp. 4-5 ¶¶ 10 and 11; Second Amended False Claims Act Complaint, Docket Entry No. 38, pp. 4-5 ¶¶ 10-11.

are subject to service of process there. The threshold issue of whether this suit could have been brought in the proposed transferee district is therefore satisfied in this case. Volkswagen I, 371 F.3d at 203.

## 2. Convenience of the Parties

In making a convenience determination, the Fifth Circuit considers several private and public interest factors, none of which are dispositive. In re Volkswagen of America, Inc. ("Volkswagen II"), 545 F.3d 304, 315 (5th Cir. 2008) (en banc). The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of unwilling witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized controversies decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. Id. (citing Volkswagen I, 371 F.3d at 203).

Defendants argue that Relators' claims for attorneys' fees and costs relating to the national ED claim should be severed and transferred to the Middle District of Tennessee, Nashville

-12-

Division, so that they may be consolidated with the competing claims for attorneys' fees and costs arising from that claim urged by the other relators because "[i]t does not make sense for two courts — much less six — to plow the same ground."[19]   Defendants argue that severance and transfer will conserve judicial resources and avoid the risk of inconsistent judgments by allowing a single court to determine which relator was the first-to-file the ED claim under the FCA.[20]   Defendants argue that the Middle District of Tennessee, Nashville Division, is the most natural and convenient forum to resolve the claims for fees arising from the ED claims because it is not only the home of the headquarters of the principal corporate defendants, but also the most geographically central location of the relevant jurisdictions.[21]   Defendants also argue that the Middle District of Tennessee, Nashville Division,

> makes sense as a practical matter. Because it is the forum of the *last*-filed complaint (the *Doghramji* action), that court will necessarily be forced to examine each and every one of the complaints that preceded it to assess whether the *Doghramji* action is barred on first-to-file grounds.   Even if none of the other cases are transferred, then, the court will be doing all of the same work as if they were.[22]

---

[19]Defendants' Motion to Sever and Transfer, Docket Entry No. 76, p. 13.

[20]Id. at 14-16.

[21]Id. at 16-17.

[22]Id. at 17.

-13-

(a) Private Interest Factors

The private interest factors, i.e., the relative ease of access to sources of proof, the availability of compulsory process to secure the attendance of unwilling witnesses, the cost of attendance for willing witnesses, and other practical problems that make trial of a case easy, expeditious, and inexpensive, all weigh in favor of transfer because all parties to the global Settlement Agreement agreed that "[t]he exclusive jurisdiction and venue for any dispute relating [thereto] . . . is the United States District Court for the Middle District of Tennessee, Nashville Division."[23] Although the global Settlement Agreement's jurisdictional provision expressly excepts disputes between defendants and any particular relator arising from that relator's request for attorneys' fees, it nevertheless shows that all parties have agreed that the Middle District of Tennessee, Nashville Division, is a convenient forum in which to litigate disputes.

Other practical problems that the court must consider include issues that make the trial of a case easy, expeditious, and inexpensive.     See  Volkswagen II, 545 F.3d at 315 (citing Volkswagen I, 371 F.3d at 203).    Relevant to this factor is Relator's argument that defendants' motion to sever and to transfer should be denied because

_____

[23]Settlement Agreement, Exhibit A to the United States' Notice of Settlement, Docket Entry No. 64, pp. 15-16, Terms and Conditions, ¶ 18.

-14-

> [i]t is not possible for O&S [i.e., O'Connell & Soifer, LLP, Relator's counsel] to segregate the work it did on the ED claims related to LMC only from the work it did on the ED claims related to other hospitals. In order to prove the ED claims as they related to LMC, and to settle those claims as they related to LMC, all of the documents had to be reviewed, analyzed, and fit into the larger framework of CHS's corporate knowledge and direction. Not only could Relator's counsel not have settled the LMC ED claims separately, or investigated them separately, but this simply is not what happened. The work required was done to prove corporate knowledge and involvement in order to convince CHS to settle this case, and the work did just that. Therefore the severance requested is neither possible nor appropriate.[24]

Although Relator makes this argument in support of her contention that defendants' motion to sever and transfer should be denied, the argument actually weighs in favor of transfer. If this court were to deny the pending motion to sever and to transfer, the harm that Relator seeks to avoid will be unavoidable, i.e., this court would be forced to consider Relator's application for attorneys' fees, costs, and expenses related to the national ED claim solely within the context of the claims related to LMC because those are the only ED claims before the court in this action. Since the ED claims related to other hospitals are pending before other courts, the only way that Relator's application for attorneys' fees, costs, and

---

[24]Declaration of Patrick J. O'Connell, Exhibit A to Relator's Response, Docket Entry No. 94-1, p. 6 ¶ 16. See also Relator's Response, Docket Entry No. 94, p. 13, and Relator's Sur-Reply to Defendants' Motion to Sever and Transfer Relator's Claim for Attorneys' Fees and Costs Related to Allegations of Improper Emergency Department Admissions ("Relator's Sur-Reply"), Docket Entry No. 105, p. 4 (acknowledging that "Relator's counsel [could] not have settled the LMC ED claims separately, or investigated them separately," from the ED claims related to other hospitals).

expenses for claims related to both LMC and to other hospitals could be considered together is for this court to sever and transfer those claims as defendants request. Although this case has been pending more than five years, the court has had little involvement and is not particularly familiar with the underlying facts because once the United States intervened all the parties cooperated in the ensuing investigation that resulted in the global Settlement Agreement that eliminated the need for a trial on the merits. The court therefore concludes that the other practical problems factor weighs strongly in favor of transfer.

(b) Public Interest Factors

No party has raised a specific concern about any of the public interest factors relevant to the § 1404(a) analysis, i.e., administrative difficulties flowing from court congestion, the local interest in having localized controversies decided at home, the familiarity of the forum with the law that will govern the case, and the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. See Volkswagen II, 545 F.3d at 315. Since both the Southern District of Texas and the Middle District of Tennessee are equally capable of applying federal law regarding false claims; this factor is neutral. The conflict of laws factor is also neutral because no conflict of laws issues are expected in this case. Because "[j]ury duty is a burden that ought not to be imposed upon the people of a community which has no

-16-

relation to the litigation," <u>Volkswagen I</u>, 371 F.3d at 206, the court must consider local interest in the litigation even though it has not been addressed by the parties.    Relator undisputedly resides in Springfield, Tennessee, which is located in Robertson County, and the principal place of business of the principal corporate defendants named in this action is Franklin, Tennessee, which is located in Williamson County.  Since Robertson County and Williamson County are both located in the Middle District of Tennessee, Nashville Division, that district and division has a local interest in the parties' dispute.  Thus, the only relevant public interest factor favors transfer.

### 3.    Interest of Justice

When weighing the interest of justice in transfer of venue motions, courts often mention "the desire to avoid multiplicity of litigation as a result of a single transaction or event." Defendants argue that the pendency of related cases in various districts in which relators have filed similar applications for attorneys' fees, costs, and expenses -- including the Middle District of Tennessee, Nashville Division -- and defendants' concerted effort to have the related cases in which such motions are pending transferred and consolidated in the Middle District of Tennessee, Nashville Division, weigh in favor of transfer. Conservation of judicial resources is an important consideration. This factor favors transfer of venue if transfer would enable

different cases involving the same parties or issues to be heard in a single forum.  See Continental Grain Co. v. Barge FBL-585, 80 S. Ct. 1470, 1474 (1960) ("To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent.  Moreover, such a situation is conducive to a race of diligence among litigants for a trial in the District Court each prefers.").

The pendency of a related case in the Middle District of Tennessee, Nashville Division, United States ex rel. Service Employees International Union, et al. v. Community Health System, Inc., et al., No. 3:11-cv-00442 (M.D. Tenn. May 10, 2011), in which an application for attorneys' fees, costs, and expenses related to the national ED claim has been filed, weighs in favor of transferring this case to that district.  In that case defendants have asked the court to stay consideration of the fee petition filed by the Relator -- Doghramji -- until the related cases with similar motions pending can be transferred there and consolidated.[25]  The fact that defendants have filed motions to transfer to the Middle District of Tennessee, Nashville Division -- like the motion now pending before this court -- in three other related cases in

---

[25]Defendants' Reply in Support of Motion to Sever and Transfer Relator's Claim for Attorneys' Fees and Costs Related to Allegations of Improper Emergency Department Admissions ("Defendants' Reply"), Docket Entry No. 98, p. 2 n.2 (citing Docket Entry Nos. 82 and 83 in Doghramji, No. 11-cv-442 (M.D. Tenn.).

-18-

which applications for attorneys' fees, costs, and expenses have been filed also weighs in favor of transfer.[26]  Since defendants state that no fee application has been filed in Reuille, No. 1:09-cv-00007 (N.D. Ind.), and that they have entered into an agreement with relator Plantz resolving his request for attorneys' fees, defendants appear to have done all that they can to have all of the applications for attorneys' fees, costs, and expenses related to the national ED claim consolidated before a single court. Accordingly, the court concludes that severance and transfer of Relator Cook-Reska's application for attorneys' fees, costs, and expenses related to the LMC and national ED claims to the Middle District of Tennessee, Nashville Division, would conserve judicial resources.  See Houston Trial Reports, Inc. v. LRP Publications, Inc., 85 F. Supp. 2d 663, 672 (S.D. Tex. 1999) (quoting Fairfax Dental (Ireland) Ltd. v. S.J. Filhol Ltd., 645 F. Supp. 89, 92 n.2 (E.D.N.Y. 1986) ("There is no requirement . . . that consolidation be certain before this Court can consider the fact that a related action is pending in the proposed transferee court.")).  Moreover, since the United States District Court for the Middle District of Tennessee, Nashville Division, would be a proper venue for this suit and would unquestionably have personal jurisdiction over the

---

[26]Id. (citing Bryant, No. 10-cv-02695 (S.D. Tex.), Docket Entry Nos. 42 and 43; Carnithan, No. 11-CV-00312 (S.D. Ill.), Docket Entry No. 51; and Mason, No. 12-cv-00817 (W.D.N.C.), Docket Entry Nos. 26 and 27).

principal corporate defendants, the interest of justice favors granting defendants' motion to sever and transfer.

### III.  **Conclusions and Orders**

Defendants' Opposed Motion for Leave to File Reply (Docket Entry No. 97) is **GRANTED**.

For the reasons stated in § II, above, the court concludes (1) that venue would be proper in the Middle District of Tennessee, Nashville Division, (2) that consideration of the appropriate private and public interest factors related to the convenience of the parties and consideration of the interest of justice all weigh strongly in favor of severing Relator's claim for attorneys' fees, costs, and expenses arising from allegations that CHSI-affiliated hospitals billed government programs for medically unnecessary Emergency Department admissions (i.e., the national ED claim), and (3) that those claims should be transferred to the Middle District of Tennessee, Nashville Division. Accordingly, Defendants' Motion to Sever and Transfer Relator's Claim for Attorneys' Fees and Costs Related to Allegations of Improper Emergency Department Admissions (Docket Entry No. 76) is **GRANTED**.

Relator's claim for attorneys' fees, costs, and expenses related to allegations that CHSI-affiliated hospitals billed government programs for medically unnecessary Emergency Department admissions (the national ED claim) is **SEVERED** from this action and **TRANSFERRED** to the Middle District of Tennessee, Nashville

-20-

Division, where it may be considered for consolidation or coordination with United States ex rel. Service Employees International Union, et al. v. Community Health System, Inc., et al., No. 3:11-cv-00442 (M.D. Tenn. May 10, 2011), and other related cases.

The order to sever and transfer moots Relator's pending motion for attorneys' fees, costs and expenses. Accordingly, Relator's Motion for Award of Attorneys' Fees, Costs, and Expenses Against Defendants Pursuant to 31 U.S.C. § 3730(d)(1) (Docket Entry No. 73) is **DENIED WITHOUT PREJUDICE**.

Relator is **ORDERED** to file within thirty (30) days from the entry of this Memorandum Opinion and Order an amended motion for award of attorneys' fees, costs, and expenses related solely to claims based on allegations that Laredo Medical Center billed government programs for medically unnecessary inpatient procedures and engaged in improper financial relationships. Defendants shall file a response to Relator's amended motion for attorneys' fees, costs, and expenses within thirty (30) days after it is filed.

**SIGNED** at Houston, Texas, on this 30th day of October, 2014.

SIM LAKE
UNITED STATES DISTRICT JUDGE